DEVIN DERHAM-BURK #104353
CHAPTER 13 STANDING TRUSTEE
P O Box 50013
San Jose, CA 95150-0013

Telephone: (408) 354-4413
Facsimile: (408) 354-5513

Trustee for Debtor(s)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA - DIVISION 5

In re:

MIRZAPOUR, YOBERT JAMALABAD

MIRZAPOUR, DIANA E.

Debtor(s)

Chapter 13
Case No. 13-50808 SLJ

First Amended
TRUSTEE'S OBJECTION TO
CONFIRMATION WITH CERTIFICATE OF
SERVICE

Confirmation Date: N/A- Trustee's Pending List

Judge: Stephen L. Johnson

Devin Derham-Burk, Trustee in the above matter, objects to the Confirmation of this 13% Plan for the following reasons:

1. The Trustee is unable to determine if the plan is in compliance with 11 U.S.C. §1325(a)(5). The debtors testified at their §341 meeting of creditors that they are making payments of $1,000 per month to Alfa Omega for the purchase of an alignment machine. The debtors have failed to provide for said creditor on the plan and Schedule D. An Amended Plan and Schedule D must be filed. Further, said creditor must receive proper notice of the bankruptcy.

Trustee's Obj to Confirmation 13-50808 SLJ

1

2. The Trustee questions the feasibility of the plan pursuant to 11 U.S.C. §1325(a)(6). Pursuant to the debtors' testimony at their §341 meeting of creditors, the debtors have business expenses for an employee and for self-employment taxes. Said expenses have been omitted from the Attachment to Schedule J. An Amended Schedule J and Attachment to Schedule J must be filed to include these expenses.

3. The Trustee is unable to determine whether all of the debtors' projected disposable income is being applied to make payments to unsecured creditors under the plan as required by 11 U.S.C. §1325(b)(1)(B). On Line 60 of the Statement of Current Monthly Income, the debtors have deducted $12,030.40 for business expenses. The debtors must provide the Trustee with documentation (i.e. receipts and any other applicable evidence) to support the deduction.

4. The plan is in violation of 11 U.S.C. §1322(d) as the term exceeds 60 months. As proposed, the term is approximately 88 months.

5. The Trustee is unable to determine if the plan is in compliance with 11 U.S.C. §1325(a)(5). The Trustee is in receipt of a Proof of Claim filed by the IRS which includes a secured claim amount of $50,350.54 [Claim 3-1]. Said claim has been omitted from the plan. An Amended Plan must be filed.

6. The Trustee is unable to determine if the debtors are in compliance with 11 U.S.C. §521(a)(1). It appears that the debtors have listed their *net* business income on Schedule I and have omitted their business expenses from Schedule J. The debtors must file an Amended Schedule I to list their *gross* business income, and an Amended Schedule J to include the business expenses.

7. The debtors are not in compliance with 11 U.S.C. §342(a), §521(a)(1)(A), and Fed. R. Bankr. P. 2002, as the debtors have failed to provide an address for "Professional Recovery" on the Creditor Matrix and Schedule F. Therefore, this creditor has not received proper notice of the bankruptcy. Since the Court was unable to notice said creditor of the filing of the bankruptcy, the Meeting of Creditors and of important filing deadlines, the debtors must file a certificate of service indicating that this creditor was served with these documents.

8. Question 4 of the Statement of Financial Affairs indicates that "Hatam" and "Courtney Louisy" had actions against the debtors in the year prior to the filing of this case. The debtors have not listed these parties on the Schedules of Debt and, therefore, they have not received proper notice of the bankruptcy and the debtors have not complied with 11 U.S.C. §342(a) and Fed. R. Bankr. P. 2002.

9. The Trustee is unable to perform her duties under 11 U.S.C. §1302(b)(1) (incorporating 11 U.S.C. §704(a)(4)) because the debtors have not provided her with their tax return(s) for the tax year 2012. Until the debtors have provided said tax return(s), the Trustee is unable to recommend confirmation of the proposed plan.

Dated: May 3, 2013    /S/ Devin Derham-Burk

    _____

    Chapter 13 Trustee

## CERTIFICATE OF SERVICE BY MAIL

I declare that I am over the age of 18 years, not a party to the within case; my business address is 983 University Ave. C-100, Los Gatos, California 95032. I served a copy of the within Trustee's Objection to Confirmation by placing same in an envelope in the U.S. Mail at Los Gatos, California on May 6, 2013.

Said envelopes were addressed as follows:

| | |
|---|---|
| Yobert Jamalabad Mirzapour<br>Diana E Mirzapour<br>203 Wyandotte Dr<br>San Jose, CA 95123-3732 | Scott J Sagaria ESQ<br>Sagaria Law PC<br>333 W San Carlos St #620<br>San Jose, CA 95110 |

/S/ Jacquelyn Michael
Office of Devin Derham-Burk, Trustee